# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:06-cr-326-T-23TGW |
| | USM NUMBER: 48834-018 |
| vs. | |
| RAFAEL RONDON | |
| | Defendant's Attorney: Daniel Hernandez, ret |

THE DEFENDANT:

__X__  was found guilty on counts ONE through THIRTEEN of the Second Superseding Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Armed Bank Robbery | July 13, 2006 | ONE |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | October 22, 2004 | TWO |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | October 22, 2004 | THREE |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | December 9, 2004 | FOUR |

**\*\*SEE NEXT PAGE FOR CONTINUATION OF OFFENSES OF CONVICTION\*\***

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 29, 2007

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: July __5K__, 2007

| Defendant: | RAFAEL RONDON | Judgment - Page 2 of 7 |
| Case No.: | 8:06-cr-326-T-23TGW | |

## **CONTINUATION OF OFFENSES OF CONVICTION**

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
| --- | --- | --- | --- |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | December 9, 2004 | FIVE |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | May 17, 2005 | SIX |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | May 17, 2005 | SEVEN |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | October 28, 2005 | EIGHT |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | October 28, 2005 | NINE |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | December 22, 2005 | TEN |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | December 22, 2005 | ELEVEN |
| 18 U.S.C. §§ 2113(a) and (d), and 2 | Armed Bank Robbery | July 13, 2006 | TWELVE |
| 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 | Carrying and Brandishing a Firearm During the Commission of a Crime of Violence | July 13, 2006 | THIRTEEN |

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: RAFAEL RONDON | Judgment - Page 3 of 7 |
| Case No.: 8:06-cr-326-T-23TGW | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE THOUSAND SEVEN HUNDRED NINETY-FOUR (1,794) MONTHS - (149 YEARS, 6 MONTHS).** The term consists of SIXTY (60) MONTHS (statutory maximum) as to Count One and terms of TWO HUNDRED TEN (210) MONTHS as to Counts Two, Four, Six, Eight, Ten, and Twelve, these counts to run concurrently, and a term of EIGHTY-FOUR (84) MONTHS as to Count Three and THREE HUNDRED (300) MONTHS as to Counts Five, Seven, Nine, Eleven, and Thirteen, each of these counts to run consecutive to each other and to run consecutive to the term imposed in Counts One, Two, Four, Six, Eight, Ten, and Twelve.

__X__ The court makes the following recommendations to the Bureau of Prisons: confinement at FCI Coleman, FL

__X__ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

                                                  United States Marshal

                                   By:_____
                                               Deputy United States Marshal

| Defendant: | RAFAEL RONDON | Judgment - Page 4 of 7 |
|---|---|---|
| Case No.: | 8:06-cr-326-T-23TGW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **SIXTY (60) MONTHS**. The term consists of THIRTY-SIX (36) MONTHS as to Count One and SIXTY (60) MONTHS as to Counts Two through Thirteen.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

X    The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

X    **The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.**

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| Defendant: | RAFAEL RONDON | Judgment - Page 5 of 7 |
|---|---|---|
| Case No.: | 8:06-cr-326-T-23TGW | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X   The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X   The defendant shall provide the probation officer access to any requested financial information.

| | |
|---|---|
| Defendant: RAFAEL RONDON | Judgment - Page 6 of 7 |
| Case No.: 8:06-cr-326-T-23TGW | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| **Totals:** | $1300.00 | $ waived | $676,873.00 |

__X__ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Bank of America<br>4330 North Hwy 98<br>Lakeland, Florida | | $ 11,913.00 | |
| First National Bank<br>11030 49th Street N.<br>Pinellas Park, Florida | | 23,000.00 | |
| Provident Bank<br>821 East Bloomingdale<br>Brandon, Florida | | 32,240.00 | |
| Regions Bank<br>2611 SW 27 Ave.<br>Ocala, Florida | | 35,000.00 | |
| Provident Bank<br>6520 Fruitville Road<br>Sarasota, Florida | | 54,000.00 | |
| Capital City Bank<br>7101 Mariner Blvd.<br>Spring Hill, Florida | | 30,716.00 | |
| Gold Bank<br>1201 Beneva Road<br>Sarasota, Florida | | 4,280.00 | |
| Colonial Bank<br>8213 State Road 54<br>New Port Richey, Florida | | 132,000.00 | |
| Mercantile Bank<br>3201 S. MacDill Ave.<br>Tampa, Florida | | 10,102.00 | |
| Wachovia Bank<br>14166 US Hwy 19 N.<br>Hudson, Florida | | 129,985.00 | |
| Fifth Third Bank<br>11030 49th Street North<br>Pinellas Park, Florida | | 198,447.00 | |
| Bank of America<br>2536 Hwy 92 East<br>Lakeland, Florida | | 11,190.00 | |
| Riverside Bank<br>5950 S. Beneva Road<br>Sarasota, Florida | | 4,000.00 | |
| Totals: | | $ 676,873.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | RAFAEL RONDON | Judgment - Page 7 of 7 |
| Case No.: | 8:06-cr-326-T-23TGW | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __X__ Lump sum payment of $ **1300.00** (special assessment) due immediately, balance due

 ___ not later than _____, or

 ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. ___ Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __X__ Special instructions regarding the payment of criminal monetary penalties:

 RESTITUTION: **$676,873.00**. While in the bureau of prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant's financial circumstances will be evaluated, and the Court may establish a new payment schedule accordingly. At any time during the course of post-release supervision, the victim, the government, or the defendant, may notify the Court of a material change in the defendant's ability to pay and the Court may adjust the payment accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__ Joint and Several

 Restitution amount of $676,873.00 is joint and several with co-defendant, Emeregildo Roman (2), Case No. 8:06-cr-326-T-23TGW

___ The defendant shall pay the cost of prosecution.

___ The defendant shall pay the following court cost(s):

__X__ The defendant shall forfeit the defendant's interest in the following property to the United States:

 pursuant to the attached "Preliminary Order of Forfeiture and Forfeiture Money Judgment," dated June 11, 2007, (Doc. 141).

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 8:06-cr-326-T-23TGW |
| RAFAEL RONDON, | : |
| Defendant. | : |

**PRELIMINARY ORDER OF FORFEITURE AND FORFEITURE MONEY JUDGMENT AS TO DEFENDANT RAFAEL RONDON**

THIS CAUSE comes before the Court on Motion of the United States of America for Entry of a Preliminary Order of Forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), for the following property:

 a. The real property located at 1893 Vale Drive, Clermont, Florida, which is legally described as follows:

  Lot 187, SKYRIDGE VALLEY PHASE II, according to the plat thereof, as recorded in Plat Book 45, Pages 46, 47 and 48, of the Public Records of Lake County, Florida.

  Parcel Identification Number: 24-27-26-489501-000510

 b. One 2001 Lincoln Navigator, titled in the name of Rafael Rondon; Vehicle Identification No.: 5LMEU27R21LJ16187;

 c. One 1999 Chevy Blazer, titled in the name of Rafael Rondon; Vehicle Identification No.: 1GNCS13W0X2120786;

 d. One 1997 Dodge Pick-Up Truck, titled in the name of Rafael Rondon; Vehicle Identification No.: 3B7HF13Y4VG701717;

  e. $1,118.00 in U.S. currency seized from Rafael Rondon upon his arrest; and

  f. one .357 Ruger Model Security Six, Serial No. 154-61162.

At sentencing, the Preliminary Order of Forfeiture shall be a final order of forfeiture as to defendant Rafael Rondon's interest in the subject property.

The Court, being fully advised in the premises, finds that the United States has established the requisite *nexus* between the crimes of conviction, specifically conspiracy to commit armed bank robbery and armed bank robbery offenses in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2113, and brandishing a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and the property identified above. Accordingly, the Court finds that the assets listed in "a" through "e" above are subject to forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and the .357 Ruger Model Security Six, Serial No. 154-61162 ("f" above) is subject to forfeiture pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

In addition, the court finds that the amount of proceeds obtained by defendants Rafael Rondon and Emeregildo Roman as a result of the conspiracy to commit armed bank robbery, for which both defendants have been found guilty as charged in Count One of the Second Superceding Indictment is $505,530.00. Accordingly, it is hereby

**ORDERED, ADJUDGED, and DECREED** that all right, title, and interest

of defendant Rafael Rondon in the property identified in "a" through "f" above are hereby CONDEMNED and FORFEITED to the United States of America pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c). It is FURTHER **ORDERED** that defendant Rafael Rondon is jointly and severally liable, along with defendant Emeregildo Roman for a forfeiture money judgment in the amount of $505,530.00, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), less the amount of funds obtained from other forfeited assets.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of June, 2007.

HON. STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Copies to:  Tonya L. Shotwell, AUSA
            Attorneys of record

3